UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

PAUL MAZAK,

        Plaintiff,

-vs-                                          Case No. 5:07-cv-422-Oc-10GRJ

KAM R. JOHNSON,

        Defendant.
_____

# O R D E R

This case is before the Court for consideration of the Defendant's Motion for Attorney's Fees and Costs (Doc. 34). The Plaintiff, who is represented by counsel, has not filed a response to the motion, and the time for responding has elapsed. The Court concludes that the motion is due to be granted in part and denied in part.

## Background

On July 7, 2007 Defendant Kam R. Johnson, an officer with the Florida Fish and Wildlife Conservation Commission, arrested Plaintiff Paul Mazak for obstruction of law enforcement without violence and fleeing and eluding a law enforcement officer by boat, in violation of Florida Statutes §§ 843.02 and 843.18. The charges were later dropped, and on September 13, 2007, Mazak filed a single claim against Johnson in his individual capacity under 42 U.S.C. § 1983, alleging that there was no probable cause for his arrest, in violation of his Fourth and Fourteenth Amendment rights.

Following the completion of discovery, Johnson moved for summary judgment, arguing that he had both actual and arguable probable cause to arrest Mazak for obstruction of law enforcement without violence and fleeing and eluding a law enforcement officer by boat, as well as probable cause to arrest Mazak for trespassing. (Doc. 27). Mazak filed a brief in opposition to the motion, (Doc. 30), and on May 18, 2009, the Court granted summary judgment in favor of Johnson and against Mazak. (Doc. 32). The Court found that there were material issues of fact in dispute with respect to Mazak's arrest for obstruction of justice, as well as the trespassing allegation. The Court did find, however, that the undisputed material facts demonstrated, as a matter of law, that Johnson had probable cause to arrest Mazak for fleeing a law enforcement officer by boat, in violation of Fla. Stat. § 843.18. Judgment was entered on May 19, 2009. (Doc. 33).

On June 1, 2009, Johnson filed his motion requesting attorney's fees in the amount of $ 94,500.00, paralegal fees in the amount of $ 18,580.00, and costs in the amount of $6,684.55. Johnson argues that he is entitled to attorney and paralegal fees pursuant to 42 U.S.C. § 1988 because he is a "prevailing party," and that he is entitled to costs pursuant to Fed. R. Civ. P. 54(d)(1) and 68(d).

## Discussion

As an initial matter, because the Court granted Johnson's motion for summary judgment with respect to Mazak's arrest for violation of Fla. Stat. § 843.18, Johnson is the prevailing party in this case pursuant to § 1988 and Rule 54(d)(1). The Supreme Court has

explained that a prevailing party "is one who has been awarded some relief by the court." Buckhannon Bd. and Care Home, Inc. v. West Virginia Dep't of Health and Human Res., 532 U.S. 598, 604-05 (2001). Following the Supreme Court, the Eleventh Circuit articulated a two-prong test for determining whether a litigant is a prevailing party, finding that "there must be (1) a situation where a party has been awarded by the court at least some relief on the merits of his claim or (2) a judicial imprimatur on the change in the legal relationship between the parties." Smalbein v. City of Daytona Beach, 353 F.3d 901, 905 (11th Cir. 2003) (quoting Buckhannon, 532 U.S. at 604-05). Clearly, the entry of summary judgment in favor of one party and against the other meets this test.

I. Attorneys Fees

A district court may in its discretion award attorneys' fees to a prevailing defendant pursuant to § 1988 in a § 1983 action upon a finding that the plaintiff's lawsuit was "frivolous, unreasonable, or without foundation." Sullivan v. School Bd. of Pinellas County, 773 F.2d 1182, 1188 (11th Cir. 1985) (citing Hughes v. Rowe, 449 U.S. 5, 14-15, 101 S.Ct. 173, 178-79 (1980); Christiansburg Garment Co. v. E.E.O.C., 434 U.S. 412, 421, 98 S.Ct. 694, 700 (1978)). In making this determination "a district court must focus on the question whether the case is so lacking in arguable merit as to be groundless or without foundation rather than whether the claim was ultimately successful." See id. (quoting Jones v. Texas Tech University, 656 F.2d 1137, 1145 (5th Cir. 1981).

Johnson's request for attorneys' fees is due to be denied because Mazak's action was not frivolous, unreasonable or without foundation. Indeed, the Court found material

3

issues of disputed fact with respect to the other two charges levied against Mazak, and specifically rejected Johnson's probable cause and qualified immunity arguments as to those charges. The fact that resolution of Johnson's motion required extensive discovery, interpretation of numerous Florida Statutes, and a lengthy order from this Court further demonstrates that Mazak's action was not frivolous, unreasonable or without foundation, and was not so lacking in arguable merit as to be groundless. See O'Neal v. DeKalb County, Ga., 850 F.2d 653, 658 (11th Cir. 1988) ("Simply because the district court granted the defendants' motion for summary judgment does not mean that the plaintiffs' action was frivolous.").

## II. Costs

Johnson has filed a Bill of Costs specifying costs of $6,684.55. These costs are for filing fees, summons and subpoenas fees, deposition transcript fees, witness fees, and copying charges, all of which Johnson's counsel states were for purposes "reasonably related to the maintenance of this action." (Doc. 37, ¶ 5). Rule 54(d)(1) of the Federal Rules of Civil Procedure states, in pertinent part, that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs - other than attorney's fees - should be allowed to the prevailing party." Rule 68(d) provides that where an offer of judgment in made and rejected, and "the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made." As already stated by the Court, Johnson is a prevailing party in this case. It is also undisputed that Johnson made an offer of judgment to Mazak, which was rejected, and that

Mazak obtained a less favorable judgment. Moreover, the Court finds that the costs at issue here fall within those permitted under 28 U.S.C. § 1920. Johnson's request for $6,684.55 in costs is therefore due to be granted.[1]

## **Conclusion**

Accordingly, upon due consideration, it is ordered that Defendant Kam R. Johnson's Motion for Attorneys' Fees and Costs (Doc. 34) is DENIED to the extent that it seeks attorneys' fees and GRANTED to the extent that it seeks costs of $6,684.55 pursuant to the Bill of Costs. The Clerk's Taxation of Costs in that amount (Doc. 40) is confirmed.

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida this 25th day of June, 2009.

UNITED STATES DISTRICT JUDGE

Copies to: Counsel of Record

---

[1] The Court notes that the Clerk taxed costs against Mazak in the amount of $6,684.55 on June 2, 2009 (Doc. 40).